```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JULIO PINEDA,<br><br>      Plaintiff,<br><br>  -v-<br><br>ROTARY LIFT, et al.<br><br>      Defendants. | 23-cv-2405 (JSR)<br><br>MEMORANDUM AND ORDER |

JED S. RAKOFF, U.S.D.J.

On September 26, 2023, defendants Rotary Lift, Vehicle Service Group, LLC, and Dover Corporation, moved for summary judgment on all of plaintiff's claims. See Notice of Mot. for Summ. J., ECF No. 17. After full consideration of the parties' written submissions and oral argument, the Court granted defendants' motion for summary judgment by "bottom-line" order dated October 27, 2023. This Memorandum Order sets forth the reasons behind that ruling.

    I.    **Factual and Procedural Background**[1]

In 2011, Statewide Installations installed a Rotary Two-Post Lift, manufactured by defendant Vehicle Service Group, at Mercedes-Benz Manhattan. Defs. Statement of Undisputed Material

---

[1] Unless otherwise noted, the following facts are undisputed.

Facts ("Defs. 56.1 Statement"), ¶¶ 1-2, ECF No. 23; Pl.'s Resp. to Defs. Statement of Facts ("Pl. 56.1 Statement"), ¶¶ 1-2, ECF No. 26. Defendant, Dover Corporation, is the parent company of Vehicle Service Group. See Pl. 56.1 Statement, ¶ 4; Defs. 56.1 Statement, ¶ 4.

Plaintiff, Julio Pineda, was a technician at Mercedes-Benz Manhattan. Pl. 56.1 Statement, ¶ 6; Defs. 56.1 Statement, ¶ 6. On December 10, 2019, plaintiff put a Mercedes R350 onto the Rotary Two-Post Lift, and then raised the lift in order to perform an inspection of the undercarriage of the car. Pl. 56.1 Statement, ¶¶ 7, 26, 28; Defs. 56.1 Statement, ¶ 7; Defs. Resp. to Pl. Suppl. Rule 56.1 Statement of Facts in Further Supp. of Summ. J. ("Defs. Resp. 56.1 Statement"), ¶¶ 26, 28, ECF No. 28. While plaintiff was underneath the car, the car fell off the lift and landed on plaintiff. Pl. 56.1 Statement, ¶¶ 8, 29; Defs. 56.1 Statement; ¶ 8; Defs. Resp. 56.1 Statement, ¶ 29. As a result, plaintiff sustained injuries. Pl. 56.1 Statement, ¶ 31; Defs. Resp. 56.1 Statement, ¶ 31.

Soon thereafter, Mercedes-Benz Manhattan undertook an investigation of the accident. Pl. 56.1 Statement, ¶ 9; Defs. 56.1 Statement, ¶ 9. As part of this internal investigation, First Choice Automotive Equipment inspected the lift two days after the accident and found that one of the "floor anchor bolts would not torque to the manufacturer's recommended specifications and sat

2

too high." Pl. 56.1 Statement, ¶ 10; Defs. 56.1 Statement, ¶ 10. However, First Choice Automotive Equipment concluded the problem with the anchor bolt did not play a role in the accident. Pl. 56.1 Statement, ¶ 11; Defs. 56.1 Statement, ¶ 11. Ultimately, Mercedes-Benz concluded that plaintiff's failure "to correctly set the vehicle on the Lift" (i.e., user error) caused the accident. Defs. 56.1 Statement, ¶¶ 13, 15; Pl. 56.1 Statement, ¶¶ 13, 15.

The main dispute between the parties centers on the cause of the accident. Plaintiff contends a failure and/or defect with the lift caused the car to fall and injure plaintiff. On the other hand, defendants contend there is no evidence that the lift failed and/or that the lift was defective. In fact, plaintiff's own expert, Jeffrey Lange, concluded that "to a reasonable degree of professional certainty the evidence available at the writing of this report is insufficient to render an opinion regarding the existence of a defect in the lift on December 10, 2019." Pl. 56.1 Statement, ¶ 22; Defs. 56.1 Statement, ¶ 22. Mr. Lange's inspection of the lift also revealed "[n]o evidence of defects or malfunction in the operation of the lift." Pl. 56.1 Statement, ¶ 20; Defs. 56.1 Statement, ¶ 20. Defendants contend, therefore, that the evidence in this case all points toward user error being the cause of the accident.

Arising from the accident, plaintiff's complaint asserted failure to warn, manufacturing defect, and design defect claims

against defendants. Compl., ¶¶ 1-82, ECF No. 1-1. Defendants moved for summary judgment on all of plaintiff's claims. See Notice of Mot. for Summ. J. At oral argument on the present motion, plaintiff agreed to the dismissal of Rotary Lift as a defendant and agreed to the dismissal of his failure to warn and design defect claims against defendants, Vehicle Services Group and Dover Corporation. See 10/25/23 Hr'g Tr. at 3:1-19.[2] Therefore, the only theory of liability against Vehicle Services Group and Dover Corporation remaining in the case is that a manufacturing defect caused the accident.

## II. Legal Standard

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." Fed. R.

---

[2] Even if plaintiff continued to press his design defect claim, it could not survive summary judgment for the same reasons, explained below, that plaintiff's manufacturing defect claim cannot survive summary judgment. Similarly, plaintiff's failure to warn claims could not survive summary judgment because plaintiff put forward no evidence regarding the adequacy of the warnings and even conceded at his deposition that he was not pursuing a failure to warn claim. See Defs. 56.1 Statement, ¶¶ 18, 21; Pl. 56.1 Statement, ¶¶ 18, 21; Defs. Ex. K, at 98:24-100:2, ECF No. 20-11; Defs. Ex. J, at 385:20-386:4, ECF No. 20-10. Finally, to the extent plaintiff's theory of liability is that defendants failed to warn of an alleged defect, which defendants knew or should have known about, see Compl., ¶¶ 38, 72, this theory too could not survive summary judgment as there is no evidence of a defect (for the reasons explained below) or of defendants' knowledge of any such defect.

Civ. P. 56(a).³ "The moving party bears the burden to demonstrate the absence of any genuine issues of material fact." New York v. Mountain Tobacco Co., 942 F.3d 536, 541 (2d Cir. 2019). If the moving party will not bear the burden of proof at trial, it "may satisfy its burden" by showing "an absence of any evidence to support an essential element of the nonmoving party's case." Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 486 (2d Cir. 2014). Once "the moving party" has met its "initial burden of establishing there are no genuine issues of material fact, . . . the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A material fact is one that would affect the outcome of the suit under the governing law, and a dispute about a genuine issue of material fact occurs if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." Aetna Life Ins. Co. v. Big Y Foods, Inc., 52 F.4th 66, 72 (2d Cir. 2022). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Rojas v. Roman Cath. Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (emphasis

---

³ Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

omitted). In making its determination on summary judgment, the Court "view[s] the evidence in the light most favorable to the party opposing summary judgment, draw[s] all reasonable inferences in favor of that party, and eschew[s] credibility assessments." Mountain Tobacco Co., 942 F.3d at 541.

### III. Discussion

Plaintiff asserts a manufacturing defect claim that sounds in both negligence and strict liability. See Pl. Mem. of Law in Opp'n to Defs. Mot. for Summ. J., at 4, ECF No. 24. "Under New York law," a manufacturing defect claim that sounds in negligence is "functionally equivalent to [its] strict liability counterpart[]." Tears v. Bos. Sci. Corp., 344 F. Supp. 3d 500, 509 (S.D.N.Y. 2018). Accordingly, the Court will analyze plaintiff's negligence and strict liability theories in tandem.

A manufacturing defect "exists when the unit in question deviates in quality and other performance standards from all of the other identical units." A.F. by & Through Fogel v. Sorin Grp. USA, Inc., 346 F. Supp. 3d 534, 542 (S.D.N.Y. 2018). "[U]nder either negligence or strict liability, the plaintiff must show that a specific product unit was defective as a result of 'some mishap in the manufacturing process itself, improper workmanship, or because defective materials were used in construction,' and that the defect was the cause of plaintiff's injury." Colon ex rel. Molina v. BIC USA, Inc., 199 F. Supp. 2d 53, 85 (S.D.N.Y.

2001) (quoting Caprara v. Chrysler Corp., 52 N.Y.2d 114, 129 (1981)). Central to any manufacturing defect claim "is the existence of the defect without regard to the care exercised by the manufacturer." Id. at 86.

Plaintiff has two options for proving its manufacturing defect claim: (1) plaintiff can point to a specific defect that caused the accident, or (2) in the absence of evidence of a specific defect, plaintiff can prove a manufacturing defect circumstantially by "prov[ing] that the product did not perform as intended and exclud[ing] all other causes for the product's failure that are not attributable to defendants," Speller ex rel. Miller v. Sears, Roebuck & Co., 100 N.Y.2d 38, 41 (2003). See, e.g., Krulewich v. Covidien, L.P., 498 F. Supp. 3d 566, 574 (S.D.N.Y. 2020); Tears, 344 F. Supp. 3d at 510-11. Under either option, defendants here are entitled to summary judgment.

First, there is no evidence of a specific defect with the lift or that a specific defect in the lift caused the accident and plaintiff's injuries. Case in point is plaintiff's own expert report. Plaintiff's expert, Mr. Lange, explained an inspection of the lift on August 23, 2023 revealed "no evidence of [a] defect or malfunction" with the lift or "of [a] prior defect or malfunction that might have allowed the vehicle to fall from the lift." Defs. Ex. H., at 3, 6, ECF No. 20-8. Mr. Lange also found "no recognized defect trends or safety recalls associated with the subject lift."

Id. at 4. Finally, he found "no evidence of structural alteration or other indications of significant repair that may have been performed as a result of the incident on December 10, 2019." Id. at 6-7. Ultimately, therefore, Mr. Lange concluded that "to a reasonable degree of professional certainty the evidence available at the writing of this report is insufficient to render an opinion regarding the existence of [a] defect in the lift on" the date of the accident. Id. at 7.

Mr. Lange's deposition testimony still further shows that plaintiff has no evidence of a specific defect with the lift. Mr. Lange admitted that he has "no evidence that the lift was installed improperly." Defs. Ex. K., at 106:17-18. Mr. Lange also conceded that the problems that were identified with the anchor bolt and cable on the lift did not "cause . . . the vehicle to become detached from the lift." Id. at 84:17-23. Ultimately, Mr. Lange "did not see evidence of a failure," did not "have an opinion as to the cause of the accident, beyond the absence of evidence that the lift failed," and was of the opinion that he did not "have evidence, or lack thereof, that a manufacturing defect or other defect existed." Id. at 58:2-6, 103:2-5, 106:22-107:3.

In the face of his own expert's findings, plaintiff is unable to generate a genuine dispute of material fact about whether there is evidence of a specific defect with the lift. The only evidence plaintiff offers is his own testimony that user error did not cause

the accident because he properly set up the lift, he did not hear any sounds indicating anything was amiss with the lift, and he would not made a mistake in performing a task he undertakes regularly. See Pl. Ex. A, at 51:3-52:10, 52:18-53:6, 99:22-100:8, ECF No. 25-1; Pl. 56.1 Statement, ¶¶ 27, 35. But that testimony still offers no evidence of a specific defect with the lift that caused the accident. In fact, plaintiff conceded at his deposition that, even though he is "claiming that the lift involved in th[e] accident was defective," he was not sure how or why it was defective, other than he "did [his] job, [and] something failed." Pl. Ex. A, at 99:1-15. At bottom, plaintiff seems to fundamentally misunderstand defendants' argument, which is that the lack of evidence of a specific defect is fatal to plaintiff's claim. See Crawford, 758 F.3d at 486 ("'A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). In sum, plaintiff has pointed to no evidence that could create a genuine dispute of fact that there was a specific defect that caused the accident.

Second, plaintiff has failed to raise a genuine dispute of fact about whether his manufacturing defect claim can be proven circumstantially. Without evidence of a specific manufacturing defect, plaintiff must show two elements: (1) "the product did not perform as intended" and (2) "all other causes for the product's

9

failure that are not attributable to defendants" are "excluded." Speller, 100 N.Y.2d at 41. "If, however, a plaintiff is unable to prove both elements, a jury may not infer that the harm was caused by a defective product unless plaintiff offers competent evidence identifying a specific flaw." Ramos v. Howard Indus., Inc., 10 N.Y.3d 218, 223 (2008).

Plaintiff has failed to produce any evidence that the product did not perform as intended.[4] In his opposition brief, plaintiff did not attempt to point to any evidence demonstrating the product did not perform as intended. Plaintiff's own expert even found no evidence of a failure or a malfunction with the lift. See Defs. Ex. K., at 58:2-6; Defs. Ex. H., at 3. The only potential evidence of the lift not performing properly is the undisputed fact that the car fell off the lift. See Defs. 56.1 Statement, ¶ 8; Pl. 56.1 Statement, ¶¶ 8, 29; Defs. Resp. 56.1 Statement, ¶ 29. However, "relying solely on the occurrence of the accident," which here is the car falling off the lift and injuring plaintiff, is insufficient evidence that "the product did not perform as

---

[4] To grant summary judgment, the Court need not reach defendants' argument that plaintiff must show "the type of accident at issue ordinarily occurs because of a defect" to satisfy this first prong. See Defs. Reply Mem. in Further Supp. of Defs. Mot. for Summ. J., at 2-4, ECF No. 27. However, the Court notes that defendants appear to be misreading Speller to import the Third Restatement's test, which does require such a showing, when Speller did not actually adopt the Third Restatement's test. All Speller noted is that New York's test "is consistent with the Restatement." Speller, 100 N.Y.2d at 41-42.

intended" to survive summary judgment. See Small v. Caprara, 100 A.D.3d 1353, 1354 (4th Dep't 2012). Therefore, plaintiff has failed to raise a genuine dispute of material fact under New York's test for proving a manufacturing defect circumstantially.

In sum, defendants are entitled to summary judgment because there is no genuine dispute of material fact regarding whether the lift was defective.

IV. **Conclusion**

The Court hereby reconfirms its "bottom-line" order granting summary judgment to defendants. The Clerk is respectfully directed to enter final judgment and close the case.

SO ORDERED.

Dated:   New York, NY

        November 13, 2023      JED S. RAKOFF, U.S.D.J.